**FARMERS' LOAN & TRUST CO. v. CHICAGO & N. P. R. CO. et al.**

(Circuit Court, N. D. Illinois. May 16, 1894.)

**1. EQUITY PRACTICE—SETTING PLEA FOR HEARING.**
 Where a complainant has a demurrer and plea set down for argument, instead of moving to strike them from the files or filing a replication, he waives the question whether the defendant has not by his previous action in the suit waived the defense set up by the plea and demurrer.

**2. RAILROAD MORTGAGE—RIGHT TO FORECLOSE ON DEFAULT IN INTEREST.**
 A railroad mortgage provided that, in case interest remained in default for six months, the trustee should, upon request of one-fourth of the bondholders, proceed to enforce their rights, and declared that no bondholder or bondholders should have the right to institute any foreclosure proceedings without first notifying the trustee of such a default. *Held,* that such provisions did not deprive the trustee of the right, in his dis-

cretion, to begin foreclosure proceedings immediately upon default in the payment of interest.

In Equity. On demurrer and plea.

Suit by the Farmers' Loan & Trust Company against the Chicago & Northern Pacific Railroad Company, the Northern Railroad Company, and others to foreclose a mortgage.

Turner, McClure & Rolston and Wm. Burry, for complainant.

Howard Morris, for receiver of Wisconsin Central Railroad Company.

Herrick & Allen and W. M. Cromwell, for other defendants.

JENKINS, Circuit Judge. If I were at liberty to consider the subject of a waiver, a serious question would be presented whether the defendants are not estopped to assert that the suit was prematurely brought. The defendant the Chicago & Northern Pacific Railroad Company appeared upon the application for a receiver, and interposed no objection thereto. Thereafter, upon the application to issue receivers' certificates, both railroad companies appeared, and formally consented to the issuance of the certificates. The plea and demurrer were set down for argument. The only question that can therefore be raised is whether the plea and demurrer are sufficient in law. Farley v. Kittson, 120 U. S. 303, 7 Sup. Ct. 534.

The complainant, to present the question of waiver, should either have moved to strike the plea and demurrer from the files, or should by replication have pleaded the estoppel. I am not, therefore, at liberty to consider the matter of waiver, suggested at the argument as reason why the plea and demurrer should not be entertained. The defendants urge in abatement of the suit that, by the terms of the trust deed, suit was prematurely brought because default in the payment of interest had not continued for six months. The contention rests upon the terms of article 11 of the trust deed, which, so far as essential to be stated, is as follows:

"In case default shall be made in the payment of any semiannual installment of interest on any of the said bonds, and if such interest shall remain unpaid and in arrears for the period of six months, * * * it shall be the duty of the trustee, upon a requisition in writing, signed by the holders of not less than one-quarter in amount of said bonds then outstanding, and upon adequate security and indemnity against all costs, expenses, and liabilities to be by the trustee incurred, to proceed to enforce the rights of the bondholders under this indenture, either by the exercise of the powers granted by articles 9 and 10 of this indenture, or of any of said powers, or by a suit or suits in equity or at law in aid of the execution of such powers, or otherwise, as the trustee, being advised by counsel, shall deem most effectual to enforce such rights, subject to the power hereby declared of a majority in interest of the holders of said bonds that shall be then outstanding, in writing, or by vote, at a meeting duly held, to instruct the trustee to waive any such default, or upon adequate security and indemnity as aforesaid, to enforce the rights of the bondholders by reason thereof: provided, that no action of the trustee or of the bondholders in waiving a default shall extend to or be taken to apply to or affect any subsequent default, or impair the rights of the trustee or of the bondholders resulting from such subsequent default; it being understood, and it is hereby expressly declared, that the rights of entry and sale hereinbefore granted are intended as cumulative remedies, additional to all other remedies allowed by law, and that the same shall not

be deemed, in any manner whatsoever, to deprive the trustee or the beneficiaries under this trust of any legal or equitable remedy by judicial proceedings, consistent with the provisions of this indenture, according to the true intent and meaning thereof: provided always, and it is hereby expressly declared and agreed, that no holder or holders of a bond or of any bonds secured hereby shall have the right to institute any suit, action, or proceeding, in equity or at law, for the foreclosure of this indenture, or for the execution of the trusts thereof, or for the appointment of a receiver, or any other action, suit, or remedy hereunder, or under or upon any bond or coupon for interest hereby secured, without first giving notice in writing to the trustee of default having occurred and continued, as in this article aforesaid, and requesting the trustee, and affording it a reasonable opportunity to institute such action, suit, or proceeding in its own name, or to proceed to exercise the powers hereinbefore granted, and also offering to it adequate security and indemnity against the costs, expenses, and liabilities to be incurred therein or thereby; and such notification, request, and offer of indemnity are hereby declared to be conditions precedent to any suit or action for the foreclosure or for the execution of the trusts of this indenture, or for the appointment of a receiver, and to any other action, suit, or remedy hereunder, or under or upon any bond or coupon for interest hereby secured. And it is hereby provided, declared, and agreed that in case any sale shall be made of the said railroads, chattels, real interests, estates, appurtenances, fixtures, equipment, property, lands, rights, privileges, immunities, or franchises, either by the exercise of the powers granted in article 10 of this indenture, or pursuant to or under a decree or judgment of a court of competent jurisdiction, the purchaser or purchasers at said sale or sales shall be entitled, in making settlement for and payment of the purchase money, to deliver to the trustee, or, in case of a judicial sale, to the person or persons legally appointed and qualified to receive the payment of such purchase money, and to turn in and use any of the bonds or coupons secured by this indenture held by the said purchaser or purchasers in or towards the payment of the said purchase money, reckoning and computing said bonds or coupons at a sum equal to and not exceeding that would be payable out of the net proceeds of said sale, if made for money, to the purchaser or purchasers, as the holder or holders of said bonds or coupons for his or their just share and proportion in that character of such net proceeds, upon a due accounting and apportionment and distribution of said net proceeds."

Article 9, referred to, treats of the right of the trustee to enter and operate the road in case of default in payment of interest continuing for six months. Article 10 treats of the right of the trustee to enter and sell in case of default of the principal of the bond, both powers to be exercised upon requisition and indemnity, as provided in article 11. The language of article 11, which is thought to prohibit the institution of a suit in chancery to foreclose for default in interest unless and until the default shall continue for six months, is as follows:

"It shall be the duty of the trustee, upon a requisition in writing, signed by the holders of not less than one quarter in amount of the said bonds then outstanding, and upon adequate security and indemnity against all costs, expenses, and liabilities to be by the trustee incurred, to proceed to enforce the rights of the bondholders under this indenture, either by the exercise of the powers granted by articles 9 and 10 of this indenture, or of any of said powers, or by a suit or suits in equity or at law in aid of the execution of such powers, or otherwise, as the trustee, being advised by counsel, shall deem most effectual to enforce such rights."

It is clear to my mind that this provision in no way affects the right of the trustee to foreclose immediately upon default in payment of interest. This provision, as I conceive, has only reference

to the exercise of the powers granted by articles 9 and 10, and to proceedings in aid of the execution of such powers. It is, moreover, mandatory, rendering action by the trustee imperative when the requisite number of bondholders shall require it to act upon completion of the stipulated period of default. It does not interfere with the exercise of discretion of the trustee to act or limit its right to act immediately upon default. This view is strengthened by the subsequent provision declaring that the rights of entry and sale are granted or intended as cumulative remedies additional to all other remedies allowed by law, and that the same shall not be deemed in any manner whatsoever to deprive the trustee or the beneficiaries under the trust of any legal or equitable remedy by judicial proceedings consistent with the provision of the trust deed. The subsequent provision in prevention of suits by individual bondholders, without first giving notice in writing to the trustee of default continued for six months, and requesting it to institute suit, are simply restraints upon the action of individual bondholders in supposed antagonism to the interests of the bondholders in a body. I think this case falls within the principle of Railroad Co. v. Fosdick, 106 U. S. 47, 1 Sup. Ct. 10; Morgan's L. & T. Railroad & Steamship Co. v. Texas Cent. Ry. Co., 137 U. S. 171, 11 Sup. Ct. 61; Farmers' Loan & Trust Co. v. Winona & S. W. Ry. Co., 59 Fed. 957. While it is true that a mortgagor has the right to stipulate for a breathing spell for the payment of his matured debt, it is still true that the limitations upon the powers of the trustee to take the legal proceedings to enforce payment upon default should be strictly construed. Guaranty Trust & Safe Deposit Co. v. Green Cove Springs & M. R. Co., 139 U. S. 137, 11 Sup. Ct. 512. The demurrer and plea will be severally overruled, and the defendant ordered to plead to the merits by the first Monday of June next.